**Pal CHIMA, Plaintiff—Appellant,**

v.

**OBEDOZA, Doctor; et al., Defendants—Appellees.**

No. 02–17112.

D.C. No. CV–99–01645–DFL(GGH).

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Pal Chima, a California state prisoner, appeals pro se the district court's sum-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment because Chima failed to raise a genuine issue of material fact as to whether any of the defendants purposefully ignored, failed to respond, or were deliberately indifferent to his medical needs, or that their course of treatment was medically unacceptable. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). Although Chima filed a declaration supporting his claims that defendants neither took his vital signs nor examined him, his medical records directly contradicted his conclusory denials, and his assertion that the medical records were "wholly false" was insufficient to demonstrate the existence of material issues of fact. *See United States v. Various Slot Machines On Guam,* 658 F.2d 697, 701 (9th Cir.1981) ("Even on a motion for summary judgment, a court is not compelled to give weight to an allegation that is incontrovertibly demonstrated to be false.").

The record supports the district court's conclusion that expert testimony was unnecessary. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 n. 7 (9th Cir. 2002).

We also conclude that the district court did not abuse its discretion by denying appointment of counsel because Chima failed to demonstrate exceptional circum-

* This panel unanimously finds this case suitable for decision without oral argument. See

stances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

AFFIRMED.

